PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

**Superseding Petition for Summons for Offender Under Supervision**
**[Supersedes Petition Filed as Docket Entry No. _4_ ]**

Name of Offender: <u>Kenneth Charles Yarbrough</u>  Case Number: <u>3:12-00182-01</u>

Name of Current Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>Honorable J. Daniels Breen, U.S. District Judge, WDTN</u>

Date of Original Sentence: <u>August 17, 2007</u>

Original Offense: <u>18 USC 2252A(a)(1) Transportation of Child Pornography and 18 USC 2252(a)(2) Receipt of Child Pornography</u>

Original Sentence: <u>60 months' custody: fifteen years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>March 2, 2012</u>

Assistant U.S. Attorney: <u>Lynne Ingram</u>  Defense Attorney: <u>to be determined</u>

## PETITIONING THE COURT

___ To issue a Summons
___ To issue a Warrant
_X_ To Consider Additional Violations / Information

## THE COURT ORDERS:

☒ The Addition of Alleged Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this _13th_ day of _November,_ 2012,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury
that the foregoing is true and
correct. Respectfully submitted,

_____
Donna Jackson
Intensive Supervision Specialist

Place  Nashville, TN

Date  November 8, 2012

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 4, has been amended as follows:

> **Violation No. 5 - has been added to include possession and viewing of sexually stimulating material.**
>
> **Violation No. 6 - has been added to include termination from sex offender treatment.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating material, or sexually oriented material is available.**
During a residence contact on September 5, 2012, Mr. Yarbrough was found to have internet access on his cellular telephone. Mr. Yarbrough had been accessing numerous websites including Twitter, Yahoo, Match.com and adultfriendfinder.com. Mr. Yarbrough had downloaded hundreds of pornographic pictures onto his phone and visit pornographic websites. Mr. Yarbrough accessed a website called niftyarchive.com and read erotic stories, gay and bisexual oriented with incest themes and intergenerational themes, relationships with fathers and sons. The sons were as young as five or six. The defendant advised he had been using the internet through his phone since July 2012.

2.   **Shall submit a truthful and complete written report within the first five days of each month.**
Mr. Yarbrough submitted monthly supervision reports from July and August 2012. The reports contain questions pertaining to access to the internet or having someone else access the internet on your behalf. Mr. Yarbrough did not report any internet access by himself during that time period. The report also questions whether any pornography has been viewed during the month. Again, Mr. Yarbrough answered no to the question on both months.

3.   **The defendant shall not possess or use a computer or any device with access to any "online computer service" at any location without prior written approval of the probation office.**
Mr. Yarbrough possessed a cellular phone with internet connection without the approval of the probation office.

| | |
|---|---|
| 4. | **Do not use sexually oriented telephone numbers or services.** |
| | Mr. Yarbrough admitted calling a sex phone line called Megamate. He advised he had phone sex on at least four occasions. Mr. Yarbrough reported that two men he encountered on the phone chat line, he later met in person for sexual relations. Mr. Yarbrough posted his phone number on an internet bulletin board asking for texts in the gay men section. He also called a personals number advertised in the Clarksville Leaf Chronicle. He posted a free profile and message in order to be able to leave messages for paying subscribers. |
| 5.<br>New<br>Violation | **The defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating material, or sexually oriented material is available.** |
| | Mr. Yarbrough reported that in July 2012, he drew a picture of an adult male raping an 8 year old male while a 14 year old male watched. He advised he masturbated to this drawing several times and then destroyed the drawing. |
| 6.<br>New<br>Violation | **The defendant shall participate in a specialized sex offender treatment program that may include the use of a plethysmograph and polygraph.** |
| | Mr. Yarbrough was terminated from sex offender treatment on October 23, 2012. The termination was based on violations of a number of the treatment program rules and program expectations. |

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Yarbrough began his supervised release on March 2, 2012, and he is currently scheduled to terminate supervision on March 1, 2027.

Upon his release from BOP custody, Mr. Yarbrough was approved to reside at 5547 Louise Road, Cumberland Furnace, Tennessee, with his parents. On May 17, 2012, Mr. Yarbrough was permitted to move next door to his parents at 5535 Louise Road. This is a residence owned by his parents.

Mr. Yarbrough began sex offender treatment with Luton/Centerstone Mental Health on May 1, 2012. He advised the two times he met men for sex were after leaving treatment sessions.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that Your Honor consider the additional violations when Kenneth Yarbrough appears before the Court.

The United States Attorney's Office has been consulted and concurs with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. KENNETH CHARLES YARBROUGH, CASE NO.

**GRADE OF VIOLATION:** C  
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003      **PROTECT ACT PROVISIONS**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 3-9 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | Any term of years or life less imprisonment *18 U.S.C. 3583(h)* | 1 year to life less any term of imprisonment *U.S.S.G. § 5D1.2(b)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Donna Jackson  
Intensive Supervision Specialist

Approved: _____  
Britton Shelton  
Supervisory U.S. Probation Officer